Keith LANDER; Jeffrey A. Pryor; Levinsky Allen; James E. Williams, Plaintiffs–Appellants,

v.

MONTGOMERY COUNTY BOARD OF COMMISSIONERS, et al., Defendants–Appellees.

No. 01–3935.

United States Court of Appeals, Sixth Circuit.

April 3, 2003.

Before MERRITT and BATCHELDER, Circuit Judges; and DUPLANTIER,* District Judge.

BATCHELDER, Circuit Judge.

Plaintiffs, four African–American employees of the Montgomery County, Ohio, Public Works Department, appeal the district court's order denying their motion for a preliminary injunction to enjoin the use of certain assessment tests used by the defendants to establish eligibility lists for promotion in the Public Works Department. Plaintiffs claim that the tests disparately impact African–Americans in violation of 42 U.S.C. § 2000e–5 ("Title VII") and 42 U.S.C. §§ 1981 and 1983. The district court, after an evidentiary hearing and oral argument, held that although the plaintiffs' complaint contained numerous counts, their motion for preliminary injunction and their evidence in support of that motion in fact sought injunctive relief on only two grounds, namely, that the tests violate Title VII because they have a disparate impact on African Americans. and that the tests violate the terms of the collective bargaining agreement between Montgomery County and plaintiffs' union.

The court held that because the union is a public employer and therefore excluded from the coverage of the National Labor Relations Act, and because Ohio law confines resolution of disputes between this union and the employer exclusively to the grievance procedures, relief on the latter claim was not available in federal court. The court further held that none of the plaintiffs had made the requisite showing to obtain injunctive relief on the Title VII claim. Plaintiffs timely appealed.

We have carefully reviewed the district court's exhaustive opinion, the record of the trial court proceedings and the parties' briefs. We conclude that the district court left no stone unturned in considering the plaintiffs' claims of disparate impact, that the court correctly concluded that the plaintiffs sought injunctive relief only on the Title VII disparate impact and the collective bargaining agreement grounds, and that the court neither made any clearly erroneous findings of fact nor came to any erroneous conclusions of law. Because the district court's opinion cogently and correctly sets forth the reasons supporting its denial of preliminary injunctive relief, and because we can add nothing to the district court's thorough exposition of

* The Honorable Adrian G. Duplantier, United States District Court for the Eastern District of Louisiana, sitting by designation.

the facts and the law, a full written opinion from this court would serve no jurisprudential purpose. Accordingly, we affirm the judgment of the district court on the basis of the reasoning contained in its opinion.